IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| TERRY ANTHONY, ) | |
| ) | **COMPLAINT** |
| Plaintiff, ) | |
| v. ) | Case No.: 4:20-cv-480 |
| ) | |
| SEQUIUM ASSET SOLUTIONS, LLC ) | **JURY TRIAL DEMANDED** |
| ) | |
| ) | |
| Defendant. ) | |

**COMPLAINT AND JURY DEMAND**

COMES NOW, Plaintiff Terry Anthony, by and through the undersigned counsel, and for his Complaint against Defendant, Sequium Asset Solutions, LLC, under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), states as follows:

**JURISDICTION**

1. This court has jurisdiction of the federal claim under 15 U.S.C. § 1692k(d).

2. Venue is proper because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

3. Under 28 U.S. Code § 1391(b)(2) a civil action may be brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

4. Under 28 U.S. Code § 1391(d) when a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate state.

5. At the time of the occurrence, Plaintiff resided in the city of Aledo, a part of Parker County, Texas 76008.

1

6. The acts that occurred giving rise to this complaint occurred while Plaintiff was in the city of Aledo, a part of Parker County, Texas 76008 making Fort Worth a proper venue under 28 U.S. Code § 1391(b)(2).

7. Defendant, a Georgia corporation headquartered in Marietta, Georgia, practices as a debt collector throughout the country, including Texas.

8. Defendant attempts to collect alleged debts throughout the state of Texas, including in Aledo city and Parker county.

9. Defendant has actual knowledge of where Plaintiff resided, and by attempting to collect from Plaintiff, purposefully availed itself to the jurisdiction in which Plaintiff resided.

10. Defendant has sufficient minimum contacts with this venue as the alleged injuries caused to Plaintiff were caused while Plaintiff was in Aledo city and Parker county and Defendant attempts to collect alleged debts throughout the state of Texas.

11. Defendant knowingly attempted to collect on a debt allegedly incurred in Aledo, Texas and thus has sufficient minimum contacts with this venue is additionally proper under 28 U.S. Code § 1391(b)(1).

## STANDING

12. Plaintiff has a congressionally defined right to receive all communications from a debt collector free from any misrepresentations and false threats.

13. Plaintiff has thus suffered an injury as a result of Defendant's conduct, giving rise to standing before this Court. Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1544 (2016), quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); Bellwood v. Dwivedi, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the

right can sue without running afoul of Article III, even if he incurs no other injury[.]").

14. "Without the protections of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" Lane v. Bayview Loan Servicing, LLC, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016)(quoting 15 U.S.C. § 1692(b)). Thus, a failure to honor a consumer's right under the FDCPA constitutes an injury in fact for Article III standing. See id. at *3 (holding that a consumer "has alleged a sufficiently concrete injury because he alleges that [Defendant] denied him the right to information due to him under the FDCPA."); see also Church v. Accretive Health, Inc., No. 15-15708, 2016 WL 3611543, at *3 (11th Cir. July 6, 2016) (holding that consumer's § 1692g claim was sufficiently concrete to satisfy injury-in-fact requirement).

15. "[E]ven though actual monetary harm is a sufficient condition to show concrete harm, it is not a necessary condition." Lane, 2016 WL 3671467 at *4.

## PARTIES

16. Plaintiff, Terry Anthony (hereafter "Plaintiff"), is a natural person currently residing in the State of Texas at the time of the allegations.

17. Plaintiff is a "consumer" within the meaning of the Fair Debt Collection Practices Act.

18. Defendant, Sequium Asset Solutions, LLC ("Defendant"), is a Georgia corporation with its principal offices at 1130 Northchase Parkway, Suite 150, Marietta, Georgia 30067.

19. Defendant is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

20. Defendant regularly collects or attempts to collect defaulted consumer debts due or asserted to be due another, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

## FACTUAL ALLEGATIONS

21. Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed to a creditor other than Defendant.

22. On a date better known by Defendant, Defendant began to attempt collection activities on Plaintiff's alleged debt.

23. The alleged debt was said to be owed for a cable and internet bill at a residence and would have only been incurred for personal or household purposes.

24. On or about May 15, 2019, Plaintiff had a telephone conversation with Defendant regarding an alleged debt allegedly owed by Plaintiff.

25. The alleged debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

26. The telephone call is a "communication" as defined by 15 U.S.C. § 1692a(2).

27. During the telephone call, Plaintiff stated he wanted to dispute the debt.

28. Defendant's representative immediately began to overshadow Plaintiff's rights to dispute the alleged debt.

29. Defendant's representative replied by reading him his bill.

30. Defendant's representative then told Plaintiff that he still owed the bill.

31. The opinion of Defendant's representative as to the account is not in any way sufficient validation of the alleged debt.

32. Plaintiff then again stated that he wanted to dispute the alleged debt.

33. Defendant's representative then asked Plaintiff why the original creditor would lie.

34. Defendant's representative could have no purpose in making this statement except to imply that Plaintiff was lying.

35. Defendant's statement was harassing and abusive.

36. Defendant's representative then attempted to continue collections on the alleged debt by offering a settlement.

37. Defendant's representative should have accepted the dispute, notated it, and ceased collection attempts until proper validation could be provided.

38. Defendant's representative knew that Plaintiff did not feel he owed the alleged debt, yet tried to coerce him into making a payment on the alleged debt that he otherwise would not have made.

39. Defendant's representative attempted to mislead Plaintiff into thinking that he could not dispute the alleged debt and would need to settle the alleged debt.

40. At no point in time did Defendant state or even imply that she would mark Plaintiff's account as disputed, and the least sophisticated consumer would be left completely in the dark as to the status of his account.

41. Defendant knew, or should have known, that the above statements were false, misleading, and harassing in nature.

42. All of Defendant's actions complained of herein occurred within one year of the date of this Complaint.

43. Defendant's conduct has caused Plaintiff to suffer damages including but not limited to the loss of time incurred by Plaintiff as well as attorneys' fees paid for advice regarding his situation.

44. Congress has found that "[a]busive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).

45. Here, Plaintiff has suffered an injury-in-fact in at least one of the manners contemplated by Congress when it passed the FDCPA because of Defendant's conduct.

46. Plaintiff's injury-in-fact is fairly traceable to the challenged representations of

Defendants.

47. Plaintiff's injury-in-fact is likely to be redressed by a favorable decision in this Court.

48. Defendant's collection communications are to be interpreted under the "least sophisticated consumer" standard. See, Goswami v. Am. Collections Enter., Inc., 377 F.3d 488, 495 (5th Cir. 2004); Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232, 1236 (5th Cir.1997) (When deciding whether a debt collection letter violates the FDCPA, this court "must evaluate any potential deception in the letter under an unsophisticated or least sophisticated consumer standard.") See Also, Goswami, 377 F.3d at 495. (We must "assume that the plaintiff-debtor is neither shrewd nor experienced in dealing with creditors.")

**COUNT I: Violations Of § 1692e Of The FDCPA – False Representation Of The Character, Amount, or Legal Status of The Alleged Debt**

49. Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

50. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt, including, but not limited to, the false representation of the character, amount, or legal status of any debt. See, 15 U.S.C. § 1692e(2).

51. Defendant used false representations or deceptive means to collect or attempt to collect a debt or obtain information concerning the Plaintiff, in violation of 15 U.S.C. § 1692e(10).

52. Defendant's collection efforts only serve to confuse and mislead the consumer.

53. Defendant's collection efforts were materially false, misleading, and deceptive.

54. Defendant's violation of § 1692e of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Terry Anthony, prays that this Court:

      A.      Declare that Defendant's debt collection actions violate the FDCPA;

      B.      Enter judgment in favor of Plaintiff Terry Anthony, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and

      C.      Grant other such further relief as deemed just and proper.

### COUNT II: Violations Of § 1692d The FDCPA – Harassment or Abuse, False or Misleading Representation

55.     Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

56.     Section 1692d prohibits any debt collector from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

57.     Defendant's communications with Plaintiff were meant to shame, embarrass, and harass Plaintiff by misrepresenting the alleged debts status.

58.     Defendant's violation of § 1692d of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Terry Anthony, prays that this Court:

      A.      Declare that Defendant's debt collection actions violate the FDCPA;

      B.      Enter judgment in favor of Plaintiff Terry Anthony, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and

      C.      Grant other such further relief as deemed just and proper.

### COUNT III: Violations Of § 1692f Of The FDCPA –Unfair Practices

59. Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

60. Section 1692f prohibits the use of unfair and unconscionable means to collect a debt.

61. Defendant's communications with Plaintiff were deceptive and misleading.

62. Defendant used unfair and unconscionable means to attempt to collect the alleged debt.

63. Defendant's violation of § 1692f of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Terry Anthony, prays that this Court:

D. Declare that Defendant's debt collection actions violate the FDCPA;

E. Enter judgment in favor of Plaintiff Terry Anthony, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and

F. Grant other such further relief as deemed just and proper.

## JURY DEMAND

64. Plaintiff demands a trial by jury on all Counts so triable.

Dated: May 13, 2020

Respectfully Submitted,

**HALVORSEN KLOTE**

By: <u>/s/ Samantha J. Orlowski</u>

Samantha. J Orlowski, #72058
Joel S. Halvorsen, #67032
Gregory M. Klote, #66888
680 Craig Road, Suite 104
St. Louis, MO  63141
P: (314) 451-1314
F: (314) 787-4323
sam@hklawstl.com
joel@hklawstl.com
greg@hklawstl.com

*Attorneys for Plaintiff*